**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

SG MILLER STATION-ATLANTA,
LLC, a/a/f Miller Station on Peachtree
Apts,

          Plaintiff,

      v.

GEORGE BOLDEN, and *All Others,*

          Defendant.

CIVIL ACTION

NO. 1:16-cv-03957-WSD-RGV

**MAGISTRATE JUDGE'S FINAL REPORT,
RECOMMENDATION, AND ORDER**

This matter is before the Court on defendant George Bolden's ("Bolden")

affidavit and application to proceed *in forma pauperis*, [Doc. 1],[1] and notice of

removal, [Doc. 1-1]. From the documents before the Court, it appears that plaintiff

SG Miller Station-Atlanta, LLC ("plaintiff"), initially filed this action against Bolden

in the Magistrate Court of DeKalb County, Georgia, seeking a writ of possession.

See [id. at 4]. Bolden, proceeding without counsel, seeks to remove this

dispossessory action to federal court and to proceed *in forma pauperis*. [Docs. 1 & 1-

1]. After consideration of Bolden's affidavit of indigency, his request to proceed *in*

_____

    [1] The document and page numbers in citations to the record refer to the document and page numbers listed in the Adobe file reader linked to this Court's electronic filing database, CM/ECF.

*forma pauperis* is hereby **GRANTED** pursuant to 28 U.S.C. § 1915(a).  However, because the Court lacks subject matter jurisdiction over the action Bolden seeks to remove, it is **RECOMMENDED** that this case be **REMANDED** to the Magistrate Court of DeKalb County.

"'[A]ny action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending.'"   PHH Mortg. Corp. v. Diamond, No. 1:06-CV-0673WSD, 2006 WL 839405, at *1 (N.D. Ga. Mar. 29, 2006) (quoting 28 U.S.C. § 1441(a)).  "A defendant . . . desiring to remove any civil action . . . from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."   28 U.S.C. § 1446(a).  When a notice of removal is filed, however, the Court is obligated to consider, *sua sponte*, whether it has jurisdiction over the action.  Bank of N.Y. v. Wilson, Civil Action File No. 1:08-CV-332-TWT, 2008 WL 544741, at *1 (N.D. Ga. Feb. 25, 2008), adopted at *1.  "If a court does not have original jurisdiction, a district

court may *sua sponte* remand a case on the basis of lack of subject matter jurisdiction."  Citibank, N.A. v. Gumbs, Civil Action No. 1:07-CV-2476, 2007 WL 3491744, at *3 (N.D. Ga. Nov. 6, 2007), adopted at *1; see also 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

"Only state-court actions that originally could have been filed in federal court may be removed[.]"  Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (footnote omitted).  Federal courts have original jurisdiction over an action only if: "(1) the parties are diverse and meet the statutory requirements for diversity jurisdiction; (2) the face of the complaint raises a federal question; or (3) the subject matter of a putative state-law claim has been totally subsumed by federal law such that the state-law claims are completely preempted."  Stegeman v. Wachovia Bank, Nat'l Ass'n, No. 1:06-CV-0247-WSD, 2006 WL 870420, at *1 (N.D. Ga. Apr. 4, 2006) (citing Lontz v. Tharp, 413 F.3d 435, 439-40 (4th Cir. 2005)).  "Determination of whether a claim arises under federal law 'is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'"  Wilson, 2008 WL 544741, at *1 (quoting Caterpillar, 482 U.S. at 392).  Under the well-pleaded complaint rule, plaintiff is "the master of the claim; [it] may avoid federal

jurisdiction by exclusive reliance on state law." Caterpillar, 482 U.S. at 392 (footnote omitted); Wilson, 2008 WL 544741, at *1 (citations and internal marks omitted). "In determining the presence of a federal question, this Court looks to the substance, not the labels, of the plaintiff's claims as contained in the factual allegations in the complaint." Citimortgage, Inc. v. Dhinoja, 705 F. Supp. 2d 1378, 1381 (N.D. Ga. 2010) (citation omitted). The burden is on Bolden as the removing party to show that the federal court has jurisdiction. Etowah Envtl. Grp., LLC v. Walsh, Civil Action No. 2:10-CV-180-RWS, 2011 WL 1060600, at *3 (N.D. Ga. Mar. 21, 2011) (citing Friedman v. N.Y. Life  Ins. Co., 410 F.3d 1350, 1353 (11th Cir. 2005)).

Bolden's attempt to remove this action is deficient in several respects. First, Bolden asserts on the civil cover sheet that removal is proper on the basis of diversity jurisdiction. [Doc. 1-2]. "The principal federal statute governing diversity jurisdiction, 28 U.S.C. § 1332, gives federal district courts original jurisdiction of all civil actions 'between . . . citizens of different States' where the amount in controversy exceeds $75,000." Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005) (alteration in original) (footnote omitted) (quoting 28 U.S.C. § 1332 (a)(1)). "Under [28 U.S.C.] § 1332(a), an in-state plaintiff may invoke diversity jurisdiction in a federal court that sits in the state where the plaintiff resides," however, "[t]he removal statute does not provide an in-state defendant the same flexibility in

removing cases." <u>Fed. Nat'l Mortg. Ass'n v. Avendano</u>, Civil Action File No. 1:10-CV-3391-TWT-AJB, 2010 WL 4963027, at *3 (N.D. Ga. Oct. 28, 2010), adopted by 2010 WL 4963024, at *1 (N.D. Ga. Nov. 30, 2010) (citing <u>Lincoln Prop. Co.</u>, 546 U.S. at 89-90). Indeed, "[28 U.S.C.] § 1441(b) bars removal on the basis of diversity if the defendant is a citizen of the [s]tate in which the action is brought." <u>Id.</u> (citations and internal marks omitted). Therefore, "§ 1441(b) does not permit removal on diversity grounds to the Northern District of Georgia because [Bolden] [is a] citizen[] of the [s]tate of Georgia . . . ." <u>Avendano</u>, 2010 WL 4963027, at *4 (citations omitted); <u>see also</u> <u>Bregman v. Alderman</u>, 955 F.2d 660, 663 (11th Cir. 1992) (per curiam) (citation omitted); [Doc. 1-1 at 4-5; Doc. 1-2 at 1].

In his notice of removal, Bolden appears to allege that removal is based on federal question jurisdiction. [Doc. 1-1 at 2]. However, from the documents filed with the notice of removal, it is clear that plaintiff brought a dispossessory action in the Magistrate Court of DeKalb County, Georgia, and there is no indication from the documents submitted by Bolden for this Court's consideration that plaintiff has raised any federal claim in the dispossessory action. <u>See</u> [<u>id.</u> at 4]. Bolden has not identified any basis for removal under federal question jurisdiction in his one-page notice of removal. <u>See</u> [<u>id.</u> at 2]. Even if Bolden's notice of removal were broadly construed as asserting a defense to the underlying state-court dispossessory action

based on federal law, "[a] defense that raises a federal question is inadequate to

confer federal jurisdiction."  Merrell Dow Pharm. v. Thompson, 478 U.S. 804, 808

(1986) (citation omitted); see also Wilson, 2008 WL 544741, at *2 (quoting Caterpillar,

482 U.S. at 393); Gumbs, 2007 WL 3491744, at *4.  Indeed, "[i]f a federal question is

not presented on the face of the complaint, it is no substitute that the defendant is

almost certain to raise a federal defense."  Dhinoja, 705 F. Supp. 2d at 1381 (citation

and internal marks omitted).[2]  Bolden's allegations are thus insufficient to establish

that the Court has federal question jurisdiction in this case.  See Diamond,  2006 WL

839405, at *2.

Accordingly, because the action initiated by plaintiff in the Magistrate Court

of DeKalb County is exclusively a matter of state law, the Court lacks subject matter

jurisdiction over this action, and the action must therefore be remanded to the

Magistrate Court of DeKalb County.  See Caterpillar Inc., 482 U.S. at 392; Dhinoja,

705 F. Supp. 2d at 1381 (remanding case where "the dispossessory claim that

form[ed] the basis of this action [was] exclusively a matter of state law"); see also

Finvest Roxboro, LLC v. Bozick, Civil Action File No. 1:13–CV–3678–TWT, 2013 WL

6795232, at *1-3 (N.D. Ga. Dec. 20, 2013), adopted at *1; HSBC Mortg. Servs., Inc. v.

---

[2] To the extent that Bolden relies on federal law in support of a counterclaim
rather than a defense, it is well settled that a counterclaim cannot serve as the basis
for federal question jurisdiction.  See Holmes Grp., Inc. v. Vornado Air Circulation
Sys., Inc., 535 U.S. 826, 831 (2002) (citations omitted).

3e

Williams, Civil Action No. 1:07-CV-2863-RWS, 2007 WL 4303725, at *2 (N.D. Ga. Dec. 10, 2007) (granting remand in dispossessory action where no federal question was present on the face of the plaintiff's complaint and the requirements for diversity jurisdiction were not satisfied).

For the foregoing reasons, Bolden's request to proceed *in forma pauperis* is **GRANTED**, but it is **RECOMMENDED** that this case be **REMANDED** to the Magistrate Court of DeKalb County.

The Clerk is **DIRECTED** to terminate this reference.

**IT IS SO ORDERED** and **RECOMMENDED**, this 28th day of October, 2016.

RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE