IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| SG MILLER STATION-ATLANTA, LLC a/a/f MILLER STATION ON PEACHTREE APTS.,<br><br>                           **Plaintiff,**<br><br>   v.<br><br>GEORGE BOLDEN, and All Others,<br><br>                          **Defendants.** | 1:16-cv-3957-WSD |

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Russell G. Vineyard's Final Report and Recommendation ("R&R") [3], which recommends remanding this dispossessory action to the Magistrate Court of DeKalb County, Georgia.

**I.    BACKGROUND**

On September 15, 2016, Plaintiff Miller Station-Atlanta, LLC a/a/f Miller Station on Peachtree Apts. ("Plaintiff") initiated a dispossessory proceeding against its tenant, Defendant George Bolden ("Defendant") in the Magistrate Court of DeKalb County, Georgia.[1]  The Complaint seeks possession of premises currently occupied by Defendant and seeks past due rent, fees and costs.

---

[1]    No. 16D93345.

On October 24, 2016, Defendant, proceeding *pro se*, removed the DeKalb County action to this Court by filing his Notice of Removal and an application to proceed *in forma pauperis* ("IFP") [1].  Defendant appears to assert that there is federal subject matter jurisdiction because there is in this case a question of federal law.

On October 28, 2016, Magistrate Judge Vineyard granted Defendant's application to proceed IFP.  The Magistrate Judge then considered, *sua sponte*, whether there is federal subject matter jurisdiction.  The Court found that federal subject matter jurisdiction was not present and recommended that the Court remand the case to the Magistrate Court of DeKalb County.  The Magistrate Judge found that the Complaint filed in DeKalb County asserts a state court dispossessory action and does not allege federal law claims.  Because a federal law defense or counterclaim does not confer federal jurisdiction, the Magistrate Judge concluded that the Court does not have federal question jurisdiction over this matter.  The Magistrate Judge also found that Defendant failed to allege any facts to show that the parties' citizenship is completely diverse, or that the amount in controversy exceeds $75,000.  The Magistrate Judge concluded that the Court does not have diversity jurisdiction over this matter and recommended that this case be remanded to the state court.

On November 10, 2016, in lieu of objecting to the R&R, Defendant filed his Petition for Extension of Time to File Objections [5].  Defendant "ask[s] the Court for more time to file an answer and or respond to the remand petition."  (See [5] at 1).  Defendant claims he needs additional time "so that [he] can do research and write up."  (Id.).

On November 23, 2016, Plaintiff filed its Motion in Opposition to Defendant's Petition for Extension of Time to File Objections.  Plaintiff argues that "[a]n extension of time would extremely prejudice the Plaintiff and deprive them of their right to obtain their property back."  Plaintiff argues further that "Defendant has failed to state a legal basis for which his request for an extension of time to file objections should be granted."  (See [6] at 3).

**II.   DISCUSSION**

   A.   Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is

made." 28 U.S.C. § 636(b)(1).  With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

More than four months after the R&R gave Defendant notice that the parties may file written objections to the R&R within fourteen (14) days of service, and Defendant still has not filed Objections.  The time period for filing Objections has expired, and Defendant otherwise fails to show good cause for the delay.  Defendant's Petition for Extension of Time to File Objections [5] is denied.  The Court, in its discretion, nevertheless conducts a *de novo* review of the record.

B.   Analysis

The Magistrate Judge found that Plaintiff's Complaint does not present a federal question and that the parties are not diverse.  It is well-settled that federal-question jurisdiction exists only when a federal question is presented on the face of a plaintiff's well-pleaded complaint and that the assertions of defenses or counterclaims based on federal law cannot confer federal question jurisdiction over a cause of action.  See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003); Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32

(2002).  The Court finds that Plaintiff's Complaint does not present a federal question.

The Court also lacks diversity jurisdiction over this action.  Diversity jurisdiction exists over suits between citizens of different states where the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  Here, the record does not show the citizenship of the parties, and, even if there is complete diversity between the parties, the amount-in-controversy requirement cannot be satisfied because this is a dispossessory action.  "[A] claim seeking only ejectment in a dispossessory action cannot be reduced to a monetary sum for the purposes of determining the amount in controversy."  Citimortgage, Inc. v. Dhinoja, 705 F. Supp. 2d 1378, 1382 (N.D. Ga. 2010); Novastar Mortg., Inc. v. Bennett, 173 F. Supp. 2d 1358, 1361 (N.D. Ga. 2001), aff'd, 35 F. App'x 858 (11th Cir. 2002); cf. Fed. Home Loan Mortg. Corp. v. Williams, Nos. 1:07-cv-2864-RWS, 1:07-cv-2865-RWS, 2008 WL 115096, at *2 (N.D. Ga. Jan 29, 2008) ("[A] dispossessory proceeding under Georgia law is not an ownership dispute, but rather only a dispute over the limited right to possession, title to property is not at issue and, accordingly, the removing Defendant may not rely on the value of the property as a whole to satisfy

the amount in controversy requirement."). The amount-in-controversy requirement is not satisfied and removal is not proper based on diversity of citizenship.[2]

Because the Court lacks both federal question and diversity jurisdiction, this action is required to be remanded to state court. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Russell G. Vineyard's Final Report and Recommendation [3] is **ADOPTED**.

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Magistrate Court of DeKalb County, Georgia.

**IT IS FURTHER ORDERED** that Defendant's Petition for Extension of Time to File Objections [5] is **DENIED**.

---

[2] The Magistrate Judge also found that removal was procedurally defective because Defendant, assuming that he is a citizen of Georgia, cannot remove to federal court an action brought against him in a Georgia state court. See 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of [diversity] jurisdiction . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").

**SO ORDERED** this 2nd day of March, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE